## OCTOBER TERM, 1866.

OPINION OF THE COURT CONSTRUING THE ACT OF THE LEGISLA-
TURE, APPROVED FEBRUARY 21, 1867, AND ENTITLED " AN
ACT TO PROVIDE FOR THE HOLDING OF THE HIGH COURT OF
ERRORS AND APPEALS OF THE STATE OF MISSISSIPPI, AND FOR
OTHER PURPOSES."

1. The amendment to the Constitution of the State of Mississippi in reference
   to the High Court of Errors and Appeals adopted by the Convention of 1865,
   requires that two terms of the court shall be holden each year for the dis-
   patch of business from all parts of the State, and under this amendment, the
   legislature has the power to increase the number of terms and to direct at
   what places they shall be held, but not to divide up the business and parcel
   it out so as to reduce the terms of the court, in effect, to one in each year.
2. The act of the legislature, approved February 21st, 1867, and entitled '' An
   act to provide for the holding of the High Court of Errors and Appeals of
   the State of Mississippi, and for other purposes," so far as it might be con-
   strued to restrict the jurisdiction of the court at each term to the cases aris-
   ing in the counties composing the district in which the court may for the
   time be holding its sessions, is unwarranted by the constitutional amendment
   of 1865, and the court will at each term provided by said act of the legisla-
   ture dispose of the business from the State at large.
3. All writs of error, appeals and process of every description after the 1st
   Monday of April, 1867, must be made returnable to the next term of the
   court after the taking of the writ of error or appeal or issuance of the pro-
   cess, and to the place where said term may be held.

ELLETT, J., delivered the opinion of the court.

The passage by the legislature of an act entitled "An act to
provide for the holding of the High Court of Errors and Ap-
peals of the State of Mississippi, and for other purposes," ap-
proved February 21, 1867, changes materially the course of
proceeding in the court, and renders it necessary for us, before we
separate, to express our views of the operation of the act, as
well for the guidance of the clerk, as for the information of
counsel and parties interested.

The act alluded to divides the State into four districts, and re-
quires that a term of this court shall be held once in each year in
each of these districts; and it provides that all cases in said dis-

tricts, which may be carried to the High Court of Errors and Appeals, after the act shall take effect, from any of said districts, shall be directly transmitted to, and heard and tried in, the court so held for the district from whence said cause may come respectively, and tried and determined as now required by law. The act takes effect from and after the first Monday of April, 1867.

The duty of the court in the regulation of its practice, under the laws prescribed by the legislature, makes it incumbent on us to construe this act, and to declare what business is to be transacted at the several terms appointed by it.

The act assumes to regulate and provide for the holding of this court, and it requires four terms to be held in each year at the times and places named. This necessarily supersedes and abolishes the present terms, and the regulations now existing for the dispatch of business, and it is a remarkable omission that it supplies no method whatever of disposing of the business already depending. There is nothing contained in the act that positively forbids the court to take up, at any of the new terms, cases not arising within the district in which the court may be sitting. But the affirmative language used, and its general scope and object, seem to indicate a purpose to restrict the court to the trial of causes " *carried* " to it from the particular district; and hence the inquiry arises, whether such a purpose, if it existed on the part of the legislature, can be carried into effect consistently with the conditions of the constitution, which is the paramount law, binding alike on the legislature and the court.

Before the late amendment, the 7th section of the 4th article of the constitution, was in these words, " The High Court of Errors and Appeals shall be held twice in each year, at such place as the legislature may direct, until the year 1836, and afterwards at the seat of government of the State."

This clause was always interpreted as requiring *two terms* of the court to be held in each year, for the dispatch of all the business pending in the court from all portions of the State. It was considered to be the constitutional right of every suitor to

have his cause called at every term of the court, and tried and determined, unless continued for good cause. Under this section, the legislature, for the convenience of parties and counsel, appointed the particular days, in the October term, on which the business coming from each of the general districts should be taken up, and required the court to fix these days for the April term, and to give public notice thereof. But all the causes pending in the court were required to be called at some time during every term.

The amendment adopted in 1865, strikes out the section above quoted, and substitutes the following, "The High Court of Errors and Appeals shall be held at least once in each year at the seat of government, and at such other place or places, in the State, as the legislature may direct."

This new provision still requires that at least two terms of the court shall be held in each year; one of which, at least, shall be at the seat of government, or both if the legislature shall see proper, and one of which may be held elsewhere. And the legislature is authorized to increase the number of terms at discretion, and to direct at what places they shall be held, provided one term shall be retained at the seat of government. On these points there can be no doubt.

But the question we have to consider is whether, when the terms are appointed, and the places fixed at which they are to be held, it is competent for the legislature to divide up the business, and parcel it out, so that at each term only a portion of the pending cases can be taken up? If the affirmative of this proposition can be established, then it is clear that the requirement of the constitution that there shall be at least two terms of the court in each year, can be successfully evaded.

It would hardly be contended, we suppose, that under the constitution as it stood before this amendment, it would have been competent for the legislature to provide that, at one of the terms then required to be held, the business from one part of the State only should be taken up, and that the cases from the other parts of the State should be tried at the other term. That would not have been holding two terms in the sense of the con-

stitution, but one term only. Such a law would therefore have been unconstitutional, and it would have been the duty of the court to disregard the restriction, and to proceed at every term to dispatch all the business before it.

This court, whenever it meets, is the High Court of Errors and Appeals of the whole State, for the decision of all causes depending therein. There must be at least two of these terms in each year, and as many more as the legislature may think demanded by the public good. The more frequently the terms are held, the more the interest and convenience of the people is promoted. But if the legislature can so subdivide the court as to confine its action at any term 'to the business of particular counties, all the advantages of frequent terms would be lost, and we see nothing that could prevent them, by multiplying the number of these subdivisions beyond the number of terms in a year, and requiring the cases in each to be taken up in rotation, from producing the result that the business of particular districts might be acted upon only once in a number of years. The principle would be the same; and if a suitor can be deprived of his right to be heard at one of two terms held in a single year, he might, by a parity of reasoning, be left with only the right to be heard once in several years.

The prompt and speedy administration of justice, under the law, is a cardinal object of all government. This principle is incorporated in our fundamental law by the 14th section of the Bill of Rights, which declares: " That all courts shall be open, and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay." To secure these ends the government is organized, and its leading features prescribed and adjusted by the constitution. This court is established, and the number of its terms regulated, for this great purpose of the administration of justice; and it is the right of every citizen, at every term, to have remedy for any injury of which he may complain; and this right cannot be denied or delayed without a violation of the solemn guarantees of the constitution.

The legislature may divide the State into three districts for the election of the judges, but when that right has been exercised the power to district the State for any purpose connected with this court is exhausted. The judges so chosen compose one court, which, at every term, is open to all persons invoking its jurisdiction. Its terms are held in order that it may exercise all the judicial power of the State, vested in it as the supreme appellate tribunal, over all cases pending before it.

This view is fortified by reference to all the provisions of the constitution respecting the creation of the court, and the definition of its jurisdiction. And so by the 19th section of the 4th article in relation to the clerk. There can be but one clerk of the court, who must necessarily have the custody of and be responsible for all the books, records, and papers of the court, wherever its sessions may be held. He is a constitutional officer, whose term and tenure cannot be affected by legislation. He is the sole clerk of the whole court, wherever it may be, and when it moves, it takes with it its records, its officer, and all its jurisdiction.

Any other construction would reduce the terms of the court, in effect, to one in each year, under color of holding four, and would work an oppressive denial of justice in many cases, civil and criminal. And besides this, as this act is prospective merely, and purports to apply only to cases to be brought to this court after the first Monday of April next, any view different from the one we have taken would leave all the causes now pending, and all that may originate before the date mentioned, without any provision of law for their trial and determination at any time, now or hereafter.

We are therefore of opinion that this act of the legislature, so far as it might be construed to restrict the jurisdiction of the court, at each term, to the cases arising in the counties composing the district in which the court may for the time be holding its session, is unwarranted by the constitution, and is to be disregarded.

We consequently direct the clerk that all causes now pending, or hereafter brought to the court, from whatever part of

the State they may come, must be carried to the places of holding the court, under this act, at the times appointed for the several terms. The general docket of the court, embracing the causes from all the districts, in their regular order, will be called at every term, and all the causes thereon will stand for trial or other disposition.

As this matter is new, and of general interest, we have preferred to state our views at some length, rather than content ourselves with the simple announcement of a rule of court applicable to the subject.

It is proper to add that all writs of error, appeals, and process of every description, after the first Monday of April next, must be made returnable to the next term of the court after the taking of the writ of error or appeal, or the issuance of process, wherever the said term may be held. No change in this respect is made in the law that appoints the first day of each term as the return day of that term.